MARC A. PILOTIN
Regional Solicitor
BORIS ORLOV
Counsel for Wage & Hour
CHARLES SONG
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
312 N. Spring Street, Room 720
Los Angeles, CA 90012-4701
Telephone (213) 894-5365
Song.charles.c@dol.gov
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JULIE A. SU,<br>  Acting Secretary of Labor,<br>  United States Department of Labor,<br><br>                                        Plaintiff,<br>              v.<br><br>4-E Painting, LLC dba 4-E Painting; Artemio O. Escobedo, individually and as a managing agent of the entity defendant; David Artemio Escobedo, individually and as a managing agent of the entity defendant,<br>                                        Defendants. | Case No. [Case Number]<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND TO RECOVER AMOUNTS DUE UNDER THE FAIR LABOR STANDARDS ACT** |

# INTRODUCTION

Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor ("Acting Secretary") brings this case to remedy Defendants' violations of federal law prohibiting oppressive child labor and protecting the lawfully earned wages of Defendants' employees.

# NATURE OF THE ACTION

1. The Acting Secretary brings this action under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, to enjoin Defendants from violating the provisions of Sections 7, 11(c), and 12 of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 207, 211(c), and 212.

2. The Acting Secretary also brings this action under Section 16(c) of the FLSA, 29 U.S.C. § 216(c), to recover unpaid overtime wages owed under the FLSA, beginning in at least January 1, 2020, through January 1, 2023, to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages.

# JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action under Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217. This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this enforcement action occurred within this District.

# PARTIES

**Plaintiff Julie A. Su, Acting Secretary of Labor, U.S. Department of Labor**

5. The Acting Secretary is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. §

202(a). In bringing actions under the FLSA, the Acting Secretary represents not only the interests of Defendants' employees but also Defendants' law-abiding competitors who face unfair competition in the marketplace due to Defendants' illegal practices. The Acting Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

### Defendant Artemio Escobedo

6. Defendant Artemio Escobedo, an individual, resides in Buckeye, Arizona. At all relevant times he has been the principal individual responsible for controlling, managing, and financing 4-E Painting, LLC. At all relevant times, Defendant Artemio Escobedo, acted directly and indirectly in the interests of the corporate Defendants in relation to their employees, including: determining employment practices; hiring, firing, supervising, directing, and disciplining employees; setting and negotiating wages and pay practices.

7. Defendant Artemio Escobedo is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for unpaid back wages, and liquidated damages owed to employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

8. The claims against Defendant Artemio Escobedo in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

### Defendant David Escobedo

9. Defendant David Escobedo, an individual, resides in Buckeye, Arizona. At all relevant times he has been a minority owner responsible for controlling, managing, and financing 4-E Painting, LLC. At all relevant times, Defendant David Escobedo, acted directly and indirectly in the interests of the corporate Defendants in relation to their employees, including: determining employment practices; hiring, firing, supervising, directing, and disciplining employees; setting and negotiating wages and pay practices.

10. Defendant David Escobedo is individually liable as an employer under Section 3(d), 29 U.S.C. § 203(d), for unpaid back wages, and liquidated damages owed to

employees of Defendants, including employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

11. The claims against Defendant David Escobedo in this case arise out of and are directly related to his business activities in the jurisdiction of this Court.

**Defendant 4-E Painting, LLC**

**(d/b/a "4-E Painting")**

12. Defendant 4-E Painting, LLC is an Arizona corporation with a principal office address at is 2135 N. Horne Ste. A, Mesa, AZ 85203. Defendant 4-E Painting, LLC operates as a construction contractor that specializes in painting and regularly conducts significant business, including hiring, firing and supervising employees, in the state of Arizona within the jurisdiction of this Court.

13. At all times relevant, Defendant 4-E Painting, LLC is and has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees not yet known to the Acting Secretary whom she later identifies.

**Defendants are an Enterprise Covered by the FLSA**

14. At all relevant times, Defendants Artemio Escobedo and David Escobedo owned, operated, and controlled 4-E Painting, LLC and acted directly or indirectly in the interests of the corporate Defendant, for the common business purpose of operating as a construction contractor that specializes in painting.

15. As a Result, Defendants Artemio Escobedo, David Escobedo, and 4-E Painting LLC, collectively, is and has been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

16. At all relevant times, two or more employees of corporate Defendant have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including food products and beverages.

17. At all relevant times, Defendants' enterprise had an annual gross volume sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. As a result, Defendants' employees are and at all times relevant have been employees in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

### Defendants' Employment Practices

19. Defendants regularly employ employees to work over 40 hours in a workweek.

20. Defendants failed to make, keep, and preserve adequate and accurate records of employees' hours and wages. In work weeks where employees were paid solely piece rate or a combination of hourly and piece rate, records of hours worked were not properly kept.

21. Defendants failed to pay the required overtime rate for hours worked in excess of 40 in work weeks where employees were paid solely piece rate or combination of hourly and piece rate. Defendants' piece rate work included prep, spray, and roller work.

22. Defendants engaged in oppressive child labor practices by employing a minor under the age of 16 in violation of federal occupation standards and hours-time standards.

### CLAIMS FOR RELIEF

### First Claim For Relief

### Overtime Violations

23. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

24. Defendants willfully violated and continue to violate the provisions of Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees who were employed by an enterprise engaged in commerce or in the

production of goods for commerce, and who personally engaged in commerce or in the production of goods for commerce, overtime wages for their employment in excess of forty (40) hours in a workweek at a rate of one-and-a-half times the employee's regular rate.

25. At all relevant times, Defendants have willfully violated and continue to violate Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed, and continue to employ, workers without properly compensating them.

## Second Claim For Relieff

## Recordkeeping Violations

26. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

27. Defendants have violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Acting Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found at 29 C.F.R. part 516.

28. At all relevant times, Defendants have willfully violated and continue to violate Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants knew of or should have known of the FLSA's recordkeeping requirements and continued to create and maintain inaccurate or incomplete records of employees' hours worked and wages paid.

## Third Claim For Relief

## Child Labor Violations

29. The Acting Secretary realleges and hereby incorporates by reference the foregoing paragraphs as though fully set forth herein.

30. Defendants willfully violated and continue to violate the provisions of Sections 12(c) and 15(a)(4), 29 U.S.C. §§ 212(c) and 215(a)(4), by employing a minor under the age of 16 who personally engaged in commerce or in the production of goods for commerce and engaging in oppressive child labor practices.

31. At all relevant times, Defendants have willfully violated Sections 12(c) and 15(a)(4), 29 U.S.C. §§ 212(c) and 215(a)(4). Defendants knew of or should have known of the FLSA's child labor requirements but nevertheless employed, and continue to employ a minor under the age of 16 in violation of federal occupation standards and hours-time standards.

## PRAYER FOR RELIEF

WHEREFORE, good cause having been shown, the Acting Secretary prays for judgment against Defendants as follows:

A. For an order pursuant to Sections 11, 12 and 17 of the FLSA, 29 U.S.C. § 211, 212, and 217, permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Sections 15(a)(2), 15(a)(4), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(4), and 215(a)(5); and

B. For an order

(i) pursuant to FLSA § 16(c), 29 U.S.C. § 216(c) finding Defendants liable for any unpaid overtime compensation that may be found by the Court to be due under the FLSA plus an additional amount as and for liquidated damages, equal to any overtime compensation found to have accrued under the FLSA, to present and former employees of Defendant including the persons listed by name on the attached Exhibit A; or

(ii) in any instances where liquidated damages are not awarded herein, restraining, pursuant to FLSA § 17, 29 U.S.C. § 217, Defendants, their officers, agents, servants, and employees and all persons in active concert or participation with them, from continuing to withhold the payment of any unpaid overtime

compensation that may be found by this Court to have accrued under the FLSA to present and former employees of Defendants including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon; and,

C. Awarding the Secretary the costs of this action and providing such further legal and equitable relief as may be deemed appropriate.

Dated: March 13, 2024                    Respectfully submitted,

                                          SEEMA NANDA
Solicitor of Labor

MARC A. PILOTIN
Regional Solicitor

BORIS ORLOV
Counsel for Wage and Hour

<u>/s/Charles Song</u>
CHARLES SONG
Senior Trial Attorney
*Attorneys for Plaintiff Julie A. Su,*
*Acting United States Secretary of Labor*